IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:07-CV-38-FL

| ALTON THOMPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner of Social Security. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings (DE ## 17, 21). United States Magistrate Judge Robert B. Jones, Jr. issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff filed objections to which defendant did not respond. In this posture, the issues raised are ripe for decision.

### STATEMENT OF THE CASE

Plaintiff filed an application for supplemental security income on November 29, 2001, alleging a disability onset date of November 10, 2001. The claim was denied initially and not appealed. On June 13, 2002, plaintiff filed another application for supplemental security income, alleging a disability onset date of January 10, 2002. This claim was denied at the initial and reconsideration levels, and plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 25, 2003, hearing was held before ALJ Alfred Costanzo. The ALJ issued decision

denying plaintiff's claim on October 6, 2003. Plaintiff requested review, and on March 18, 2005, the Appeals Council remanded the claim for further administrative proceedings. A second hearing was held before ALJ William T. Vest on September 7, 2005, who issued decision denying plaintiff's claim on November 22, 2005. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff filed complaint in this court seeking review of that decision. In his motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by: 1) determining claimant is not disabled *per se* as mentally retarded under Listing 12.05C, 2) making a residual functioning capacity ("RFC") determination that was not supported by substantial evidence, and 3) improperly relying on the vocational expert's testimony.

In M&R entered June 10, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings and uphold the decision of the Commissioner denying benefits. After careful consideration, for the reasons given below, the court adopts the recommendation of the magistrate judge.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is

obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. §§ 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

### B. Plaintiff's M&R Objections

**1.     The Requirements of Listing 12.05C**

Plaintiff objects to the M&R's conclusion that substantial evidence supported the ALJ's

3

determination that plaintiff did not suffer deficits of adaptive functioning, and therefore plaintiff was not disabled *per se* under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Listing 12.05 sets forth a two-part inquiry for determining mental retardation. Norris v. Astrue, 2008 WL 4911794, at *3 (E.D.N.C. Nov. 14, 2008). A claimant must first demonstrate "(1) significantly subaverage general intellectual functioning (2) with deficits in adaptive functioning (3) initially manifested during the developmental period; i.e. . . . before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Upon making this showing, the claimant must then meet the required severity level by satisfying category A, B, C, or D, under § 12.05. Id. In this case, it is undisputed that claimant meets the severity requirement under §12.05C. (M&R, p. 8.) Nevertheless, the ALJ determined claimant had not made a showing of mental retardation under listing 12.05 as there was no evidence of adaptive deficits required to support such a diagnosis. (R. at 26.) See Justice v. Barnhart, 431 F. Supp. 2d 617, 619 (W.D. Va. 2006) ("[E]ven if the record clearly establishes that the plaintiff meets the requirements of section 12.05(C), a finding of mental retardation cannot be warranted without a finding that the plaintiff manifested deficits in adaptive functioning before age 22.").

Under § 12.05, the burden is on the plaintiff to demonstrate deficits in adaptive functioning that began before the age of 22. Smith v. Barnhart, 2005 WL 823751, at *4 (W.D. Va. 2005). This is a "separate and distinct element that must be proven." Justice, 431 F. Supp. 2d at 620 n.2. Under the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), to be deemed mentally retarded one must have "significant limitations in adaptive functioning in at least two of the following skill areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL

4

DISORDERS 39 (4th ed. 1994).

Plaintiff contends that Dr. Richard Bing's comprehensive clinical psychologic evaluation (R. at 323-330), contains evidence of adaptive deficiencies not considered by the ALJ. Plaintiff argues the evaluation shows adaptive deficits in the areas of academic skills, self-care, home living, work ability and ability to use community resources. (R. at 324-36.) However, except for plaintiff's education history, all of the purported adaptive deficits in the evaluation only relate to time periods after plaintiff reached age 22.[1] Those statements that related to plaintiff's education history were expressly considered by the ALJ in determining plaintiff had not shown evidence of an adaptive defect. The ALJ noted plaintiff was "placed" in the 5th grade, was in 7th grade twice, and left school during his third year in 8th grade. (R. at 26.) The ALJ also considered that plaintiff was not assigned or recommended for accommodation or special education placement, and determined that as a whole, this history did not constitute evidence of an adaptive deficiency. Id. Contrary to plaintiff's assertion that the ALJ only discussed evidence that favored his ultimate conclusion, the ALJ weighed all evidence of education history in making his determination.

Plaintiff contends that a diagnosis of mild mental retardation necessarily includes a finding that the patient suffered from adaptive deficiencies prior to age 18. However, Dr. Bing's diagnosis of plaintiff was provisional as Dr. Bing could not determine whether the plaintiff's deficiencies were life-long or the result of a motor vehicle accident that occurred in 2001. (R. at 327.) Under these circumstance, one cannot read plaintiff's suggested implicit finding into Dr. Bing's provisional diagnosis. This court's review of the ALJ's finding is limited to determining whether it was

---

[1] The evaluation states "plaintiff currently lives with his mother" and that he had not worked since 2000 (R. at 325); as plaintiff was born in 1963, neither of these statements relate to the time period at issue.

supported by substantial evidence. Plaintiff has not pointed to any evidence of "significant limitations in adaptive functioning" prior to age 22 that indicate the ALJ's finding was not so supported.

## 2. New Evidence and the ALJ's RFC Assessment

Plaintiff contends that the M&R erroneously found that the ALJ's determination of plaintiff's RFC was supported by substantial evidence. In particular, plaintiff argues the case must be remanded so that the declaration of Edward C. Warren, P.A, his physician assistant, and progress reports by Dr. Kurt Voos, both completed after the hearing before the ALJ, can be considered. These documents were considered by the Appeals Council in denying review of the ALJ's decision (R. at 12), and accordingly are to be considered by this court in determining whether substantial evidence supports the ALJ's RFC determination. King v. Barnhart, 415 F. Supp. 2d 607, 612 (E.D.N.C. 2005). "If, upon consideration of the entire record, including new evidence, the district court cannot conclude that the ALJ's decision was supported by substantial evidence, remand should be ordered." Id. at 610-11.[2]

Plaintiff argues that the declaration of Warren (R. at 408-09) necessitates remand in this case in light of Wilkins v. Secretary, Department of Health and Human Services. 953 F.2d 93 (4th Cir. 1991).[3] In Wilkins, the ALJ determined that the claimant was not disabled until after the date when

---

[2] Plaintiff also argues that the M&R employed the wrong standard for determining when a reviewing court must consider new evidence. Plaintiff is correct in asserting that plaintiff need not make a showing of good cause for failing to submit the evidence when the claim was before the ALJ for this court to review the evidence, as it had been submitted to the Appeals Council. However, the M&R expressly states that the court indeed reviewed the new evidence in making its determination (M&R, p. 13 n.8), and so plaintiff's objection is without merit.

[3] In particular, plaintiff objects to the ALJ's RFC determination that plaintiff can sit for six hours of the work day in light of Warren's statement that "[Plaintiff's pain and pain medication] significantly impair[] his ability to stand or walk. I believe he could not do so more than two hours in the course of an eight hour work day due to pain. Sitting is equally limited." (R. at 409.)

6

her disability insured status ended, and therefore could not sustain a claim for disability insurance benefits. Id. at 94. The Fourth Circuit remanded the case in light of new evidence, which was a letter submitted by claimant's treating physician opining that the disability began before the date in question, and providing the rationale for that conclusion. Id. at 94-95. In determining that the ALJ's determination as to the onset date of the disability was not supported by substantial evidence in light of that letter, the court emphasized that there was no other evidence in the record specifically addressing the issue, and that the opinion of a treating physician must be given great weight. Id. at 96. Indeed, these were the two critical factors cited by the court. See id. ("Because the record contains this uncontradicted evidence from Wilkins' treating physician, we conclude that the ALJ's finding that Wilkins' disability did not begin until March 28, 1987 is not supported by substantial evidence.")

The present matter is distinguishable from Wilkins with regard to both of these factors. Warren is a physician's assistant, and thus not a treating physician nor an "acceptable medical source" under the regulations. 20 C.F.R. § 416.913(a) & (d). Accordingly, his opinion is entitled to "significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Furthermore, Warren's opinion as to plaintiff's ability to sit is contradicted repeatedly in the record by evidence that supports the ALJ's determination. Three DDS medical opinions conclude that plaintiff can sit for "about 6 hours in an 8-hour workday." (R. at 279, 378, 400.) Plaintiff also testified that he spends his day, typically from eight in the morning until night, "lying around, sitting up watching TV." (R. at 458-59.) After considering Warren's declaration, this court finds that the ALJ's determination as to plaintiff's ability to sit six hours a day is supported by substantial evidence, and so the declaration does not warrant remand of the case.

The progress notes completed by Dr. Voos cannot provide a basis for remand, and in fact did not even need to be considered by the Appeals Council, as they do not relate to the time period at issue. See Wilkins, 953 F.2d at 95 ("[T]he Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review."); Wilmer v. Astrue, 2008 WL 112045, at *6 (W.D. Va. Jan. 8, 2008) (holding that evidence dated after the ALJ's decision that "on its face, notes deterioration" does not relate to the period before the ALJ's decision and thus cannot provide a basis for remand). The progress notes at issue were completed by Dr. Voos on February 13, 2006, and April 24, 2006, while the hearing before ALJ Vest occurred on September 7, 2005. (R. at 410-16.) These reports note deterioration on their face, as they refer to "increased uptake in the lower thoracic spine," "advanced arthritic changes along the acromioclavicular joints," and "increasing pain in [plaintiff's] lower back." (R. at 410, 414.) As the progress notes do not relate to the relevant time period, they do not give the court reason remand.

After reviewing all of the evidence, including that first submitted to the Appeals Council, this court finds the ALJ's RFC determination was supported by substantial evidence. Accordingly, plaintiff's objection that the M&R erred on those grounds is without merit.

### III. The ALJ's Reliance on Testimony of the Vocational Expert

Plaintiff objects to the magistrate judge's finding that the ALJ properly relied on the testimony of the Vocational Expert ("VE"), but does not offer specific grounds for the objection. Rather, plaintiff directs the court to the relevant section of plaintiff's memorandum in support of his motion for judgment on the pleadings. Plaintiff contends therein that the hypothetical the ALJ presented to the VE did not adequately reflect plaintiff's impairments, and therefore the ALJ erred in relying on the VE's testimony that there were jobs in the economy available which that

8

hypothetical person could perform. In particular, plaintiff objects that the ALJ's hypothetical did not refer to plaintiff's alleged daytime somnolence or need to lie down for two to three hours a day.

The Fourth Circuit has held that an ALJ's hypothetical to a VE is unimpeachable if it adequately reflects the plaintiff's RFC as determined by the ALJ, provided that RFC is supported by sufficient evidence. Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir. 2006) (unpublished) (citing Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005)). Here, suffering from daytime somnolence or a need to lie down was not part of plaintiff's RFC assessment, and thus did not need to be included in the ALJ's hypothetical. As previously discussed, this RFC determination was supported by substantial evidence. Accordingly, the ALJ did not err by relying on the VE's response to a hypothetical based off of plaintiff's properly assessed RFC.

## CONCLUSION

After thorough review of the record in this case, this court finds that the ALJ's findings are supported by substantial evidence. For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED. The court hereby ADOPTS such recommendation as its own, and, for the reasons already discussed, defendant's motion is GRANTED, and plaintiff's motion is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the ___ day of January, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

9